## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOHN LISTER, as he is TRUSTEE, ASBESTOS WORKERS
LOCAL 6 HEALTH AND WELFARE FUND, ASBESTOS
WORKERS LOCAL NO. 6 PENSION FUND,
ASBESTOS WORKERS LOCAL 6 JOINT
APPRENTICESHIP AND TRAINING FUND; and
ASBESTOS WORKERS LOCAL 6 VACATION FUND
JOSEPH GALLAGHER, as they are TRUSTEES,
ASBESTOS WORKERS LOCAL 6 ANNUITY FUND;
FRANCIS C. BOUDROW, as he is
TRUSTEE, ASBESTOS WORKERS LOCAL 6 SAFETY
FUND; and INSULATION CONTRACTORS OF NEW
ENGLAND; and HEAT & FROST INSULATORS and
ASBESTOS WORKERS LOCAL 6,
          Plaintiffs,

          vs.

UNITED INSULATION SPECIALTIES, LTD.
          Defendant,

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29

U.S.C. §185, by employee benefit plans to enforce the obligation to enforce the obligation to

submit to an audit to determine compliance with the obligation to pay contributions to the plans

under the terms of a collective bargaining agreement.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C.

§185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff John Lister is a Trustee of the Asbestos Workers Local No. 6 Health and

Welfare Fund.  The Asbestos Workers Local No. 6 Health and Welfare Fund is an "employee

welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is

administered at 529 Main Street, Suite 603, Boston, Massachusetts, within this judicial district.

4.      Plaintiff John Lister is a Trustee of the Asbestos Workers Local No. 6 Pension

Fund.  The Asbestos Workers Local No. 6 Pension Fund is an "employee pension benefit plan"

within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at

529 Main Street, Suite 603, Boston, Massachusetts, within this judicial district.

5.      Plaintiff Joseph Gallagher is a Trustee of the Asbestos Workers Local No. 6

Annuity Fund.  The Asbestos Workers Local No. 6 Annuity Fund is an "employee pension benefit

plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is

administered at 529 Main Street, Suite 603, Boston, Massachusetts, within this judicial district.

6.      Plaintiff John Lister is a Trustee of the Asbestos Workers Local No. 6 Joint

Apprenticeship and Training Fund.  The Asbestos Workers Local No. 6 Joint Apprenticeship

Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C.

§1002(1).  The Fund is administered at 529 Main Street, Suite 603, Boston, Massachusetts,

within this judicial district.

2

7.      Plaintiff John Lister is a Trustee of the Asbestos Workers Local No. 6 Vacation Fund.  The Asbestos Workers Local No. 6 Vacation Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 529 Main Street, Suite 603, Boston, Massachusetts, within this judicial district.

8.      Plaintiffs Francis C. Boudrow is a Trustee of the Asbestos Workers Local No. 6 Safety Fund.  The Asbestos Workers Local No. 6 Safety Fund promotes safe practices in the industry covered by the collective bargaining agreements between the Asbestos Workers Local 6 and various employers and the Insulation Contractors Association of New England.  The Fund is administered at 529 Main Street, Suite 603, Boston, Massachusetts, within this judicial district.

9.      Plaintiff Insulation Contractors Association of New England works jointly with the Union to maintain an Insulation Industry Promotional Fund to be used for the protection and promotion of the general welfare of the Insulation Industry.  The Fund is administered at 150 Grossman Drive, Suite 313, Braintree, Massachusetts, within this judicial district.

10.     The Health and Welfare, Pension, Annuity, Joint Apprenticeship and Vacation Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the ERISA Funds."  The Funds provide employees of signatory employers with health, dental and prescription benefits, life and accident insurance, disability pay, pension and annuity benefits.  Together with the Safety and Insulation Industry Promotional Funds, they are hereinafter collectively referred to as "the Funds."

11.     Plaintiff Heat & Frost Insulators and Asbestos Workers Local No. 6 of Boston ("Local 6" or "the Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185, and has a principal place of business at 303 Freeport Street, Dorchester, Massachusetts.

12.     Defendant United Insulation Specialties ("United") is a Massachusetts corporation with a principal place of business at 87 Carleton St., Whitman, Massachusetts.  United is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

13.     Defendant United agreed in writing effective September 1, 2011, to be bound to the terms of a collective bargaining agreement between it and the Union for the period of September 1, 2011 through August 31, 2015 (the "Agreement") and from year to year thereafter, unless notice of termination or modification is given in writing to the other party, not more than ninety (90) but not less than sixty (60) days prior to the anniversary date (August 31).  A copy of the Agreement is attached hereto as Exhibit A.

14.     United is obligated to pay contributions to each of the Funds in negotiated sums for each hour worked by each of its employees covered by the Agreement.  See Ex. A, Art. VII, Paragraphs 1, 5 and 6. United is obligated to submit these payments monthly to the Funds along with a list of the employees covered by the Agreement who worked and the hours of work in the prior month.  Id. at Art. VII, Paragraph 7.

15.     Furthermore, United is obligated to pay wages at negotiated rates and to deduct a negotiated sum from the wages of covered employees to be used as Union dues and remitted to the Union.  Id. at Paragraph 1.

16.     United is required to comply with audits of its payroll and other employment records as the Funds deem necessary to determine whether United is making full payment of the contributions required by the Agreement. See Exhibit B (Agreement of Declaration of Trust of Training Fund) at Art. III, Section 3; Exhibit C (Asbestos Workers Local No. 6 Health and

Welfare Fund – Restated and Amended Agreement and Declaration of Trust) at Section 11(c);

and Exhibit D (Agreement and Declaration of Trust, Asbestos Workers Local 6 Annuity Fund), at

Art. III, Section 3.2.

  17. The Funds' Delinquency Procedure, which is incorporated into the Agreement as

Appendix 1 thereto, states that in any legal proceeding to collect delinquent contributions the

Funds are not limited to the collection of the contributions and interest; rather, the Funds "will

request the Court to grant the broadest available penalties and remedies, including, but not limited

to, attorneys' fees." Id., App. 1.

  18. In addition, pursuant to the Funds' Delinquency Procedure, delinquent

contributions are subject to one of the following two penalties:  interest at the prime rate as set by

Fleet Bank (now Bank of America), plus 3%, or $100 per day, whichever is greater.  Id. at App.

1. If contributions are not received by the 25th day of the month, the penalty will be assessed

retroactive to the contributions' due date – the 15th day of the month following the month during

which the hours were worked.  Id.

  19. On or about June 24, 2015, counsel for the Funds sent a letter via Certified Mail,

Return Receipt Requested to the Defendant, demanding that it contact the Funds' auditor within

seven days to schedule an audit. The letter is attached hereto as Exhibit E-1 and the Return

Receipt showing that the Defendant received it is attached hereto as Exhibit E-2.

  20. Despite having received the letter, United has failed to respond to the Funds'

auditor's attempts to schedule an audit or other otherwise fulfill its obligation under the

Agreement to comply with an audit, and the Funds cannot determine the Company's compliance

with its obligation to contribute to the Funds, including whether contributions are due to the

Funds, without completion of an audit.

21.     United submitted remittance reports to the Funds showing that it owes $4,520.00 in contributions and dues for work performed in March 2015 and $6,780.00 for work performed in April 2015. The Company submitted a partial payment of $5,000, but that payment has not yet been applied to these amounts due, because applying a partial payment to the various Funds is administratively infeasible.  Thus, at least $6,300 remains due and owing for these two months and additional amounts owed for subsequent months cannot be calculated without United's compliance with an audit.

### COUNT I - VIOLATION OF ERISA -
### REFUSAL TO COMPLY WITH AUDIT

22.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23.     Section 209 of ERISA, 29 U.S.C. §1059, requires employers to maintain and furnish to plan administrators records with regard to their employees sufficient to determine the benefits due or that  may become due to such employees.

24.     In addition to the powers granted to them under the Agreements and Declarations of Trust of the Training, Health and Welfare, and Annuity Funds, the trustees have a right under ERISA to compel an audit, even if the agreement requiring such contributions is silent as to audits.  See Central States Southeast and Southwest Areas Pension Fund, et al, Petitioners  v. Central Transport, Inc., et al., 472 U.S. 559 (1985) (trustees of multi-employer employee benefit plans covered by ERISA have power under trust document to examine pertinent records of each employer), Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Const. Co., Inc., 932 F.2d 1443, 1451 (11th Cir. 1991) (same), Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491, 1494 (9th Cir. 1990) (same).

25.     Section 515 of ERISA, 29 USC §1145, requires an employer to make contributions to multi-employer plans in accordance with its obligations under a collectively bargained agreement and the plan documents.  Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan bringing suit to recover delinquent or unpaid contributions under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorneys' fees and costs, audit fees and costs, and other appropriate legal and equitable relief.  29 USC §1132(g)(2).

26.     Absent an order from this Court, United will continue to fail and refuse to comply with the ERISA Funds' demand for an audit, and as a result, the Funds will be unable to determine the benefits due to the Company's employees; unable to determine the company's compliance with its obligation to contribute to the ERISA Funds; and unable to calculate and collect the full amount of contributions owed by United, all of which will irreparably damage the ERISA Funds and their participants.

27.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT – REFUSAL TO COMPLY WITH AUDIT

28.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above.

29.     United's failure to fully comply with the Funds' demand for an audit as required by the Agreement, violates Section 301 of the LMRA, as amended, 29 USC §185.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.       Enter a preliminary and permanent injunction enjoining United from refusing or failing to pay all contributions and interest owed the Funds;

b.       Order United to comply with an audit by the Funds and to make available to the Funds or their duly authorized representative all of its payroll records and contract-related records, including, but not limited to, payroll tax returns; corporate tax returns; weekly payroll registers; certified payrolls; cash disbursement journals; a complete listing of all job locations for the period of January 1, 2013 until the date of the Court's order; and all time and materials slips, purchase orders and receipts for all jobs worked between for the period of January 1, 2013 until the date of the Court's order; all for the purpose of ascertaining the amounts, if any, of unpaid contributions and other amounts owed for that period;

c.       Enter a preliminary and permanent injunction enjoining United from refusing or failing to provide the records as prayed for in the preceding paragraph;

d.       Enter judgment on Counts I and II in favor of the Plaintiffs in the amount of all contributions found to be due after completion of the audit, along with any additional amounts determined by the Court to be owed the Plaintiffs, or which may become due during the pendency of this action, together with interest on the unpaid contributions from the due date, liquidated damages, reasonable attorneys' fees and costs, and audit costs, all pursuant to 29 U.S.C. §1132(g)(2);

e.       Such further and other relief as this Court deems appropriate.

Respectfully submitted,

FRANCIS C. BOUDROW and PAUL CAMARA, as they are TRUSTEES, ASBESTOS WORKERS LOCAL NO. 6

HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Alexander Sugerman-Brozan
_____

Elizabeth A. Sloane, Esquire
BBO #567866
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 239
esloane@segalroitman.com
abrozan@segalroitman.com

Dated: September  28, 2015

## VERIFICATION

I, Francis C. Boudrow, Business Manager for the Heat & Frost Insulators and Asbestos Workers Local No. 6 and Funds Trustee, verify that I have read the above Complaint and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28th DAY OF

SEPTEMBER, 2015.

Francis C. Boudrow
_____
Francis C. Boudrow